JENNINGS, FORD & CO. v ·HAYNES.

1. ANSWER OF THIRD PERSON TO AN INQUIRY MADE AT DEBTOR'S SUGGESTION.

The answer to an inquiry made of one to whom a creditor was referred, by parties against whom he was asserting a claim they were disputing, they agreeing to pay the claim if he said it was right, is admissible in evidence against the debtor.

2. SELF-SERVING DECLARATIONS INADMISSIBLE IN REBUTTAL.

Where the plaintiff offers in evidence telegrams from defendants, instructing him to buy, to show that he was in their employ, they cannot rebut the admission by evidence of like telegrams, sent by them to others not in their employ.

3. INCOMPETENT PARTS OF ANSWER OF A WITNESS NOT REACHED BY OBJECTION TO THE QUESTION.

Where an objection to a competent question is overruled, if the answer is objectionable, the complaining party should move to exclude the incompetent parts, as the objection to the question does not reach them.

ERROR to the Common Pleas Court of Hamilton county.

SMITH, J.

1. There being evidence tending to show that Jennings, Ford & Co., expressly referred Haynes, the plaintiff, to Alex. Ford for information as to a claim which Haynes was asserting against the firm, and which they were disputing, and agreed to pay it if Alex. Ford said it was right, and would not pay it himself; *Held,* That what Alex. Ford said in answer to such inquiry as to the matter so referred to him, was admissible as evidence against Jennings, Ford & Co. (1 Greenleaf on Ev., sec. 182.)

2. Where a question was put to a witness as to what Ford said in answer to such inquiry, and it was objected to by Jennings, Ford & Co., before it was answered, the court properly overruled the objection. If any answer shown to have

---

† This case was reversed by the supreme court, with full report. 45 O. S., 278.

been made by Ford was incompetent, the defendant should have moved to exclude the incompetent parts, and on failure to do so, cannot afterwards claim it to be incompetent.

3. Where the question is, whether the plaintiff was acting in the employment of the defendants in the purchase of the hogs, and has introduced telegrams to himself from the defendants, instructing him to buy divers lots of hogs for them at various times, and defendants offered to introduce other telegrams of like tenor and effect from themselves to other persons, not in their employ, but in the employ of another, of which plaintiff had no knowledge, *held*, they were properly excluded.    *Judgment Affirmed.*

Paxton & Warrington, for Plaintiffs in Error.

Wallace Burch, and Hancock & Knowlton, for defendant in error.